# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| MAAHNCHOOH GHOGOMU, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 14-CV-48-JED-TLW |
| DELTA AIRLINES GLOBAL SERVICES LLC, | ) |
| Defendant. | ) |

## OPINION AND ORDER

The Court has for its consideration the Motion and Brief in Support for Consolidation (the "Motion") (Doc. 9) of Defendants Delta Air Lines Global Services, LLC ("DGS"), and John Watts ("Watts"). DGS and Watts request that two lawsuits filed on the same day, *Ghogomu v. Delta Airlines Global Services LLC*, 14-cv-048-JED-TLW, and *Ghogomu v. Delta Airlines Global Services, LLC and Watts*, 14-cv-049-JED-PJC, be consolidated in one action. Plaintiff requests that consolidation be denied.

### I. BACKGROUND

Plaintiff Maahnchooh Ghogomu ("Ghogomu") is a former ramp agent for defendant DGS that was working at Tulsa International Airport in Tulsa, Oklahoma, during the time at which the events in question transpired. On April 22, 2013, Delta Flight 5188 departed from Tulsa and arrived in Detroit, Michigan. Upon the aircraft's arrival in Detroit, it was discovered that the fuel door had been left open, the fuel cap was missing, and that the aircraft was damaged. Ghogomu was subsequently suspended pending an investigation, and his employment with DGS was terminated on May 17, 2013.

As noted, Ghogomu, proceeding as a pro se litigant, filed two lawsuits in this Court on February 3, 2014, the second of which was later amended on March 7, 2014. In the first lawsuit, 14-cv-048-JED-TLW ("EEO Lawsuit"), Ghogomu asserts that he was wrongfully terminated on the basis of his race (Black) and his national origin (Cameroon). DGS is the sole defendant in the EEO Lawsuit. Ghogomu alleges that he was discharged by DGS prior to the completion of the investigation into the April 22, 2013 incident. Ghogomu claims that he was terminated solely on the basis of his race and/or national origin in violation of Title VII of the Civil Rights Act of 1964.

In the second lawsuit, 14-cv-049-JED-PJC ("Unjust Termination/Defamation Lawsuit"), Ghogomu asserts claims for unjust termination, defamation per se, defamation per slander, and intentional infliction of emotional distress. The Unjust Termination/Defamation Lawsuit names DGS and DGS employee Watts, Ghogomu's former supervisor, as defendants. Ghogomu alleges that he was not assigned to Flight 5188, but was instead performing his duties properly for another flight at a different gate. Ghogomu asserts that he was not responsible for any of the actions that caused damage to the aircraft and endangered the passengers of Flight 5188, and Ghogomu contends that the false allegations against him led to his unjust termination and have caused him irreparable harm.

Defendant's DGS and Watts assert in the Motion that Ghogomu was in fact responsible for failing to secure the fuel cap and leaving the fuel door open on Flight 5188. Defendants also contend that Ghogomu's termination was not based solely on the incident of April 22, 2013, but also on six prior disciplinary incidents related to attendance, conduct, and work performance. On April 17, 2014, defendants filed a Motion for Consolidation and Brief in Support (Doc. 9), requesting that the EEO Lawsuit and the Unjust Termination/Defamation Lawsuit be

consolidated into one action. Ghogomu filed a Response (Doc. 10) objecting to consolidation on April 24, 2014, and defendants filed a Reply (Doc. 12) to Ghogomu's Response on April 30, 2014.

## II. STANDARDS

Pursuant to Fed. R. Civ. P. 42(a), a court may consolidate two or more actions before the court if those actions "involve a common question of law or fact." Under Rule 42(a), a district court has broad discretion to either grant or deny consolidation. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). This rule allows a court "to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. American Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (internal quotation omitted). In the exercise of this Court's discretion under Rule 42(a), the Court must consider both judicial economy and fairness to the parties. *See Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982).

## III. ANALYSIS

Ghogomu's lawsuits clearly present common questions of fact. Both the EEO Lawsuit and the Unjust Termination/Defamation Lawsuit arise from the same chain of events and involve the incident regarding Flight 5188 that took place on April 22, 2013.

Ghogomu argues that consolidation is improper in part because the EEO Lawsuit and the Unjust Termination/Defamation Lawsuit raise claims requiring the application of different laws and provisions. Even if that were true, Rule 42(a) requires only that there be common questions of fact *or* law, and the common issues of fact raised by the two cases are unavoidably similar. The resolution of the EEO Lawsuit and the Unjust Termination/Defamation Lawsuit will both, at least in part, require a factual inquiry into the incident on April 22, 2013, and the outcome of

both cases may depend on whether or not it was in fact Ghogomu who was responsible for making sure the fuel cap was secured and the fuel door was closed, and therefore whether a valid basis for his termination existed. Consolidation is beneficial to all of the parties because discovery and the trial of the two lawsuits would involve testimony from the same witnesses and the same material evidence.

Furthermore, Ghogomu raises no concerns over fairness or prejudice in his Response (Doc. 10), and the Court does not find any reason that consolidation would be unfair to either party. Nor will Ghogomu be prejudiced by consolidation. The Court also finds that consolidation serves the interests of judicial economy. Discovery will be largely the same whether the two cases proceed separately or as one single action. Thus, as a practical matter, it would be inefficient to proceed separately. Therefore, the Court finds that it is within its broad discretion to consolidate the EEO Lawsuit and the Unjust Termination/Defamation Lawsuit into one action based on the common questions of fact raised by the two lawsuits.

### IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants DGS's and Watts's Motion To Consolidate and Brief in Support (Doc. 9) is **granted.** The Court Clerk is directed to consolidate *Ghogomu v. Delta Airlines Global Services, LLC*, Civil Action No. 4:14-CV-00048-JED-TLW and *Ghogomu v. Delta Airlines Global Services, LLC and Watts*, Civil Action No. 4:14-CV-00049-JED-PJC into a single action styled as *Ghogomu v. Delta Airlines Global Services, LLC and Watts*, Civil Action No. 4:14-CV-00048-JED-TLW.

**SO ORDERED** this 3rd day of June, 2014.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE