**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MAAHNCHOOH GHOGOMU  )  | |
|   ) | |
|   Plaintiff,   ) | |
|   ) | |
| v.   ) | Case No. 14-CV-48-JED-TLW |
|   ) | |
| DELTA AIRLINES GLOBAL SERVICES,   ) | |
| LLC, et al.,   ) | |
|   ) | |
|   Defendant.   ) | |

**ORDER**

Before the Court is plaintiff Maahnchooh Ghogomu's Motion for the Invalidation of Both Plaintiff's Deposition and Defendant John Watts' Deposition Considered Tempered Evidences in this Case (Doc. 149) and Defendants' Motion for Imposition of Sanctions Against Plaintiff (Doc. 148). The defendants' motion asserts a variety of justifications for the imposition of sanctions against the plaintiff, but focuses, thematically and typographically, on the plaintiff's first Motion for Invalidation of Plaintiff's Deposition (Doc. 143).[1]

Faced with the threat of potential sanctions, the plaintiff moved to withdraw his first invalidation motion, while still insisting that the transcript of his deposition failed to accurately capture his testimony. (Doc. 147). The plaintiff then filed a new version of his invalidation motion—the motion currently before the Court—in which he attempted to remedy the deficiencies the defendants set out in bold. (Doc. 148). To that end, the plaintiff organized the

---

[1] (*See, e.g.*, Doc. 148 at 2) (objecting to "Plaintiff's continuous failure to identify for the Court a **single omission or error** in the videotape or written transcript of his deposition.") (original emphasis); *see also id.* at 5 ("**Nowhere in Plaintiff's one-page pleading or in his attached Affidavit does he ever identify any alleged specific omission, deletions, or changes. Instead, he merely makes the broad accusations and then 'wonders' if the alleged omissions, deletion, and/or changes are 'regular occurrences' or 'typographical errors.'**") (original emphasis)).

1

omissions and errors he has identified, per the defendants' suggestion, by comparing the deposition transcripts with the deposition videotape. (Doc. 149 at 2-6, 13-8).

In a two-page response, the defendants cite the first invalidation motion, the motion withdrawing it, and the renewed invalidation motion. "In none of them," the defendants write, "does Plaintiff ever state what the court reporter or videographer have deleted or incorrectly recorded in connection with his testimony or the testimony of Watts!" (Doc. 152 at 1). The defendants cast the table of purported omissions and errors as the plaintiff's attempt to correct testimony he doesn't like, rather than his attempt to respond to their request that he identify omissions. (*Id.* at 2). The defendants followed this response with their reply in further support of their sanctions motion: "Once again, in his 'new' pleading, [the plaintiff] never states how the court reporter or videographer changed, deleted or incorrectly recorded his or Watts' testimony. . . . . Plaintiff keeps signing pleadings claiming that his – and now Watts' – depositions are not accurate without providing any evidence to support such pleadings." (Doc. 153 at 2).

The plaintiff withdrew the motion that precipitated the defendants' motion for sanctions and filed a new motion in which he patched the leaks the defendants emphasized. That the defendants did not read—or certainly did not read closely—this second attempt fails to convince the Court that the plaintiff should be sanctioned. To be sure, the plaintiff's motion is misguided, and he has stumbled in other ways from time to time, as many pro se plaintiffs do, but this is not yet a case warranting sanctions.

The Court disagrees with the plaintiff, however, that the relatively minor discrepancies he has identified between the video and transcript suggest or reveal that the court reporter intentionally distorted the record. The omissions are immaterial and do not damage or detract from his case in the least. As the defendants note (Doc. 148 at 6-7), the time for making changes

to the deposition transcript has long passed, and striking either transcript is clearly unwarranted. As to the plaintiff's annotations—those places where the plaintiff has written what he wishes he said, rather than what he did say—the defendants are right, of course, that the plaintiff must content himself with his testimony as he gave it.

**IT IS THEREFORE ORDERED** that the plaintiff's Motion for the Invalidation of Both Plaintiff's Deposition and Defendant John Watts' Deposition Considered Tempered Evidences in this Case (Doc. 149) and Defendants' Motion for Imposition of Sanctions Against Plaintiff (Doc. 148) are **denied**.

**SO ORDERED** this 13th day of October, 2015.